THE PEOPLE ex rel. PATRICK ENNIS, Appellant, *v*. FREDERICK A. SCHROEDER, Respondent.

*Clerk of justices' court in Brooklyn — appointment of — approval by common council — veto power of mayor.*

Chapter 337 of 1861 provides that " the police justices and the justices of the peace, in the city of Brooklyn, shall each nominate, and with the consent of the common council of the city of Brooklyn appoint, one clerk," etc. The charter of the city requires every ordinance or resolution of the common council to be certified to the mayor, and approved by him, or returned to the common council and passed by a two-thirds vote.

*Held,* that a resolution of the common council approving a nomination for clerk, made by a police justice, was subject to this provision of the charter, and no appointment to such office was valid until approved by the mayor or passed by a two-thirds vote of the common council over his veto.

The provision of the charter requiring every resolution to be submitted to the mayor is not confined to resolutions of a legislative, as distinguished from those of an executive nature, but applies to every resolution of whatever character passed by the common council.

*Achley's Case* (4 Abb., 35) disapproved.

APPEAL from an order denying a motion for a peremptory *mandamus.* This was an application to compel the respondent, as mayor of Brooklyn, to sign certain warrants issued by the comptroller of the city in payment of the relator's salary as clerk of a Justice's Court. The respondent, in his return, denied that the relator was ever appointed clerk of the court mentioned in the writ, on the ground that the resolution of the common council approving his nomination for the office made by the justice of the court had been vetoed by the mayor and not again passed by the common council.

Chapter 337 of 1861 provides that "the police justices and the justices of the peace in the city of Brooklyn shall each nominate, and with the consent of the common council of the city of Brooklyn appoint, one clerk for each of said courts, who shall hold his office during the pleasure of the justice so appointing him." At the time of the passage of this act, and until 1873, the common council of the city of Brooklyn was constituted as follows: " The legislative power of said corporation shall be vested in a mayor and board of aldermen, who, together, shall form the common council." (Brooklyn charter of consolidation, passed in 1854.) It was also provided by the same act, and the provision is preserved in the amended charter of 1873, as follows: "Every ordinance or resolution of the common council shall, before it takes effect, be presented, duly certified, to the mayor, and the approval of the minutes by the common council shall be conclusive evidence that the said ordinance or resolution has been so presented to the mayor. If he approves of it, he shall sign it; if not, he shall return it with his objections, and file it with the clerk within ten days after he received it." (See Charter, 1854, chap. 384, tit. 2, § 10; see Charter, 1873, chap. 863, § 10.) Section 2 of title 2 of the act of 1873 provides that " the common council shall consist of an alderman, to be elected from each ward having a population of 12,000 or less, provided that from each ward having

a population exceeding 12,000 there shall be elected one alderman for every 12,000 inhabitants or a moiety thereof; but until after the next census the board of alderman shall consist of thirty-six members to be apportioned and elected as follows." It was claimed by the appellant that, under the amended charter, the approval of the mayor was no longer necessary to a confirmation by the common council, he having ceased to be a constituent member of it, and that only resolutions of a legislative character were subject to his veto power.

*James Troy*, for the appellant.

*Wm. C. De Witt*, for the respondent.

GILBERT, J. :

The case of *Cassidy* v. *City of Brooklyn* (10 Abb. [N. S.], 297; S. C., 47 N. Y., 659) governs this case. It was there held that the concurrence of the mayor, in his capacity of mayor as well as in his other capacity of a constituent member of the common council, was requisite to a valid appointment. The revision of the charter, whereby the mayor has ceased to be a member of the common council, does not affect the principle decided in that case. That decision gave effect to the plain words of the statute, namely, that *every* resolution of the common council shall, before it takes effect, be presented duly certified to the mayor, and be approved by him or returned to the common council and again passed by a two-thirds vote. The reasoning in Achley's case (4 Abb., 35), so far as it went to restrict the operation of a similar provision of a statute relating to the city of New York, to resolutions of a legislative, as contradistinguished from those of an executive nature, must have been disapproved by the Court of Appeals. There is no such discrimination in the statute applicable to this case and we cannot interpolate one into it. On the contrary every resolution, of whatsoever nature, passed by the common council must be presented to the mayor for his approval, and if disapproved by him must be again passed by a two-thirds vote. The provision was designed as a check upon hasty and ill-considered action of the common council. It constitutes a valuable safeguard of the people and should be upheld in full

vigor, rather than frittered away by subtle and refined construction.

The order appealed from should be affirmed with costs and disbursements.

BARNARD, P. J., and DYKMAN, J., concurred.

Order affirmed, with costs.